UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY P. PEROCESKI,<br><br>      Plaintiff,<br><br>v.<br><br>GARY R. BRYANT-WOLF,<br><br>      Defendant. | Civil File No. 07-3930 (JRT/JSM)<br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, is attempting to sue his former criminal defense counsel, Defendant Gary R. Bryant-Wolf. Plaintiff did not pay the $350.00 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed <u>in forma pauperis</u>, ("IFP"). (Docket No. 2.) By order dated September 12, 2007, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $22.90, as required by 28 U.S.C. § 1915(b)(1). Thereafter, Plaintiff did pay his initial partial filing fee, (Docket No. 6), so his IFP application can now be addressed.

    This matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court now finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

**I.  BACKGROUND**

    As previously noted, Plaintiff is attempting to sue the private defense attorney who represented him in the federal criminal case that led to his current imprisonment. (<u>See</u>

United States v. Peroceski, Crim. No. 06-285 (DSD/RLE).) Plaintiff alleges that Defendant violated the "Canons and Rules of Professional Responsibility" while representing Plaintiff. (Amended Complaint, [Docket No 11], p. 2, ¶ 2.[1]) He further alleges that Defendant breached the terms of his retainer agreement, "by entering into an intimate relationship with the Plaintiff's sister," without disclosing that relationship to Plaintiff. (Id., ¶ 3.) Because Defendant failed to disclose his alleged relationship with Plaintiff's sister, Plaintiff allegedly was deprived of the opportunity "to make an intelligent and voluntary decission [sic] as to whether the Plaintiff wanted the Defendant to continue to represent the Plaintiff." (Id.)

Plaintiff also alleges that Defendant once possessed a permit that allowed him to visit inmates in federal detention facilities, but Defendant allowed that permit to expire, which limited his ability to confer with Plaintiff. (Id., p. 3, ¶ 5.) Plaintiff claims that Defendant's conduct in this regard was a further breach of the retainer contract, because "it hindered Defendant's availability and the confidentiality of the fiduciary duties." (Id.)

Plaintiff is seeking a judgment in this case that would compel Defendant to return all of the money paid to him for representing Plaintiff. He is also seeking an award of "General, Punitive, Compensatory and Special Damages." (Id., "Relief Sought.")

**II. DISCUSSION**

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

---

[1] Plaintiff has filed a motion seeking leave to file an amended complaint. (Docket No. 10.) However, that motion is unnecessary, because Plaintiff is entitled to amend "once as a matter of course," pursuant Fed. R. Civ. P. 15(a). Moreover, Plaintiff has submitted an amended complaint, which has already been filed by the Clerk. (Docket No. 11.) Because Plaintiff's amended complaint is already the operative pleading in this matter, the Court will recommend that his motion for leave to amend be denied as moot.

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Fed. R. Civ. P. 8(a) requires that every complaint filed in federal court must contain "(1) a short and plain statement of the grounds for the court's jurisdiction...."  In this case, however, Plaintiff's amended complaint does not contain any statement showing the existence of federal subject matter jurisdiction.  Moreover, after carefully reviewing the file, the Court finds that, in fact, subject matter jurisdiction does not exist here.

The Court initially notes that subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff's claims are based on the Constitution, laws or treaties of the United States. Instead, it is clear that Plaintiff is attempting to sue Defendant based solely on a non-federal common law cause of action, namely breach of contract.[2]

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332.  Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy

---

[2] The Court notes that there is nothing in the amended complaint which suggests that Plaintiff is attempting to bring a civil rights claim against Defendant for depriving him of his constitutional right to effective assistance of counsel.  Plaintiff apparently recognizes that criminal defense lawyers normally cannot be sued in a federal civil rights action, because they are not considered to be acting under color of law when they are representing criminal defendants.  Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974); Sebastian v. United States, 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856 (1976).

exceeds the sum or value of $75,000, exclusive of interest and costs." Here, it appears that both Plaintiff and Defendant are Minnesota residents,[3] so diversity of citizenship obviously does not exist.

In sum, the Court concludes that federal subject matter jurisdiction does not exist in this case, under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the filing fee for this case.[4] To date, he has paid only $22.90. The remaining balance of the $350.00 filing fee, which is $327.10, will have to be deducted from Plaintiff's prison trust account and paid to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

---

[3] The civil cover sheet that Plaintiff has submitted in this matter confirms that both Plaintiff and Defendant are Minnesota citizens.

[4] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  This action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction;

2.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

3.  Plaintiff's "Motion to Amend Complaint," (Docket No. 10), be **DENIED AS MOOT**; and

4.  Plaintiff be required to pay the unpaid balance of the statutory filing fee, namely $327.10, in accordance with 28 U.S.C. § 1915(b)(2).

Dated: December 11, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 2, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.