# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY P. PEROCESKI, | Civil No. 07-3930 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| GARY R. BRYANT-WOLF, | |
| Defendant. | |

Timothy Peroceski, #13084-041, Waseca Federal Correctional Institution, P.O. Box 1731, Waseca, MN 56093, plaintiff *pro se*.

Plaintiff filed this breach of contract action against his former criminal defense counsel.  Before the Court is plaintiff's motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1).  In a Report and Recommendation dated December 11, 2007, United States Magistrate Judge Janie S. Mayeron recommended that this Court deny plaintiff's motion and dismiss this action without prejudice.  Plaintiff filed objections to the Report and Recommendation.  The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and now adopts the Report and Recommendation for the reasons discussed below.

## BACKGROUND

Plaintiff pled guilty to one count of possession with intent to distribute methamphetamine and was sentenced to a term of imprisonment of 121 months on February 1, 2007.  Plaintiff filed this action against the private defense attorney who represented him during the course of these criminal proceedings.  Plaintiff alleges that the defendant violated the Canons of Professional Responsibility during this representation.[1] Plaintiff also alleges that defendant breached the terms of his retainer agreement with plaintiff by entering into an intimate relationship with the plaintiff's sister and failing to disclose that relationship to the plaintiff.   Finally, plaintiff alleges that defendant breached the agreement by allowing his federal detention facility permit to expire, limiting plaintiff's opportunities to consult with counsel.  Plaintiff seeks compensatory and punitive damages, including money paid to defendant in the course of representation.

## ANALYSIS

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court may deny a prisoner's motion to proceed IFP and dismiss the action if "the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).  Here, the Magistrate Judge found that the Court lacked subject matter jurisdiction over plaintiff's claim, requiring dismissal of the complaint without prejudice.

---

[1] Plaintiff's allegations are set forth in his amended complaint.  The Magistrate Judge found that the amended complaint was the operative pleading in the case, and thus recommended that this Court deny plaintiff's motion to amend the complaint as moot.  Plaintiff has not objected to that particular recommendation, and the Court adopts it without further discussion.

The Court must dismiss an action if at any time it discovers that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the grounds for the court's jurisdiction."  Here, plaintiff can establish subject matter jurisdiction over his claim in one of two ways.  First, under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A claim "arises under" federal law when a federal question appears on the face of the complaint.  *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Second, under 28 U.S.C. § 1332(a), subject matter jurisdiction exists if the parties to the dispute are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

Here, there is no dispute that the parties are not diverse from each other.  Both plaintiff and defendant are residents of Minnesota.  The Court therefore lacks § 1332 diversity jurisdiction over this action.  Nor is there a federal question on the face of plaintiff's complaint.  Plaintiff does not allege violations of the Constitution or federal laws.  Instead, plaintiff alleges that defendant breached his contract with plaintiff, a non-federal claim that would arise under relevant state law.  Even construing plaintiff's *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the complaint

does not appear to allege constitutional violations for deprivation of the right to effective assistance of counsel.[2]

For these reasons, the Court concludes that it lacks subject matter jurisdiction to adjudicate plaintiff's breach of contract claim, and must dismiss plaintiff's complaint without prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) (stating that Article III prevents courts from dismissing an action with prejudice where subject matter jurisdiction is lacking). The appropriate forum for plaintiff to pursue an action for breach of contract or legal malpractice is the relevant state court. Accordingly, the Court denies plaintiff's motion to proceed IFP in this matter. As discussed in the Report and Recommendation, the plaintiff remains liable for the unpaid balance of $327.10 on his filing fee. *See* 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (stating that although prisoners are permitted under the PLRA to file actions without prepaying the full filing fee in advance of litigation, they remain liable for the entire portion of the filing fee).

---

[2] Even if the Court determined that the complaint stated a constitutional claim for ineffective assistance of counsel, however, the complaint would not state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's former defense counsel is not a state actor "under color of state law" for purposes of a civil rights action under 42 U.S.C § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). The Court also notes that plaintiff has recently filed a petition for writ of habeas corpus in the original criminal case, which supports the conclusion that plaintiff's complaint in this action is limited to a state law breach of contract claim.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 14] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 13].  **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Application to Proceed *In Forma Pauperis* [Docket No. 2] is **DENIED**.

2.   This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3.   Plaintiff's motion to amend the complaint [Docket No. 10] is **DENIED as moot**.

4.   Plaintiff is required to pay the unpaid balance of the Court filing fee of $327.10, in accordance with 28 U.S.C. § 1915(b)(2).

The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 28, 2008                            _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                  United States District Judge